COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:  Mark Anthony Dickey v. The State of Texas

Appellate case number:  01-15-00835-CR

Trial court case number:  1392144

Trial court:  180th District Court of Harris County

Appellant's brief was due in this appeal on December 11, 2015. *See* TEX. R. APP. P. 38.6(a). On December 30, 2015, the Clerk of this Court notified appellant that the time for filing a brief had expired and, unless the Court received his brief and a motion for an extension of time by January 11, 2016, the Court would require the trial court to conduct a hearing pursuant to Texas Rule of Appellate Procedure 38.8. Appellant responded with a motion requesting an extension to April 30, 2016, and the Court extended the time to file appellant's brief to April 29, 2016, with no further extensions. On May 12, 2016, the Clerk of this Court again notified appellant that the time to file his brief had expired and, unless he filed his brief by May 22, 2016, the Court might require the trial court to conduct a hearing pursuant to Rule 38.8. Appellant did not file a brief but filed a second motion for an extension of time, requesting an extension to August 1, 2016. We denied the motion, abated the appeal, and remanded for the trial court to conduct a hearing.

On June 13, 2016, the trial court held a hearing at which appellant's appointed counsel, Kurt B. Wentz, was present and appellant participated by video teleconference. Counsel stated that he would be able to begin to work on appellant's brief after finishing another brief, which he anticipated finishing by June 16, 2016, and "should be able to . . . get [appellant's brief] finished probably thirty days." The trial court stated, "I don't believe that good cause exists to relieve [counsel] of his duties, given his statements about what he is able to do" and required the brief to be filed no later than July 13, 2016. Accordingly, we reinstated the appeal and ordered appellant to file his brief by July 13, 2016.

Appellant did not file his brief by July 13, 2016. On July 15, 2016, we ordered him to file a brief no later than July 25, 2016, with no further extensions. And we notified appellant that, if the Court did not receive a brief by July 25, 2016, the Court would be required to order the trial court to hold a hearing pursuant to Rule 38.8. Nevertheless, on July 25, 2016, appellant filed a third motion for an extension of time, requesting an extension to August 25, 2016. The motion is **DENIED**.

Appellant's brief initially was due seven months ago. Accordingly, we again abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, Kurt B. Wentz, shall be present. Appellant also shall be present or, if he is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video-conferencing.[1]

The trial court is directed to:

(1)    determine whether appellant wishes to prosecute the appeal;

(2)    if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Kurt B. Wentz of his duties as appellant's counsel;

(3)    if good cause exists, enter a written order relieving Kurt B. Wentz of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4)    if good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5)    make any other findings and recommendations the trial court deems appropriate; and

(6)    enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2015); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

It is so ORDERED.

Judge's signature: /s/ <u>Terry Jennings</u>
                                   ☑ Acting individually      ☐ Acting for the Court

Date:  August 2, 2016